UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELMUTAZ OSMAN<br>    Plaintiff,<br><br>            v.<br><br>WILLIAM DWAN, EDWARD GLEESON,<br>MICHAEL O'HARA, THE CITY OF BOSTON,<br>and JOHN DOES 1-5<br>    Defendants. | Civil Action No. 20-CV-11356<br><br>**AMENDED COMPLAINT**<br><br>**JURY DEMANDED** |

## INTRODUCTION

This action for damages and attorneys' fees is brought pursuant to 42 U.S.C. § 1983, M. G.L. c. 12 §11*I*, M.G.L. c. 258, and Massachusetts Common Law against the City of Boston and police officers William Dwan, Edward Gleeson, and Michael O'Hara, individually and as police officers for the City of Boston.

On the morning of July 18, 2017, Boston Police Detective William Dwan, who was driving his personal vehicle at the time, drove recklessly and struck the mirror of Mr. Elmutaz Osman's vehicle. Detective Dwan then stopped alongside Mr. Osman and engaged him in an argument. After seeing he was black, Detective Dwan decided to "teach him a lesson" for perceived slights. He enlisted Edward Gleeson and Michael O'Hara in a conspiracy to assault and intimidate Mr. Osman by pursuing him, stopping him at gunpoint, threatening him, throwing him to the ground, handcuffing him, and searching his vehicle.

To cover his tracks, and in furtherance of the goal to retaliate and intimidate Mr. Osman, Detective Dwan filed a false incident report alleging that Osman had driven recklessly, appeared

to have a weapon, and had threatened him. He and his fellow officers then engaged in a nearly two-year campaign to prosecute Mr. Osman, even though Detective Dwan and his fellow officers knew the incident report was false. The charges were fabricated, intending only to harass and bully Mr. Osman. To humiliate and harass Mr. Osman, Detective Dwan and the other police officers withheld video surveillance and other evidence that showed the police report was materially false. Eventually, after Mr. Osman refused to capitulate, and after the prosecution continued the trial on multiple occasions due to Detective Dwan's "unavailability," the case was dismissed when Detective Dwan declined to appear as a witness at trial.

In the meantime, Mr. Osman, who is gainfully employed at Bunker Hill Community College and a father of three, lost his extra job as an Uber driver as a result of criminal charges. This job was necessary for him to help provide for his young family. The trauma of being stopped at gunpoint and thrown to the ground still haunts him.

## PARTIES

1. Plaintiff, Elmutaz Osman, is an individual who resides at 475 Liberty Street, Rockland, Massachusetts.

2. Defendant, City of Boston, is a Massachusetts Municipality duly organized and having a usual place of business located at l City Hall Plaza, Boston, Suffolk County, Massachusetts.

3. Defendant William Dwan is, on information and belief, a resident of Massachusetts and a City of Boston Police Detective. He is being sued in his individual capacity and in his capacity as a Police Detective for the city of Boston. On information and belief, William Dwan has a business address of City of Boston Police Department, Area A1, 40 New Sudbury Street, Boston, MA 02114.

4. Defendant Edward Gleeson is, on information and belief, a resident of Massachusetts and a City of Boston Police Officer. He is being sued in his individual capacity and in his capacity as a Police Officer for the city of Boston. On information and belief, Edward Gleeson has a business address of City of Boston Police Department, Area A1, 40 New Sudbury Street, Boston, MA 02114.

5. Defendant Michael O'Hara is, on information and belief, a resident of Massachusetts and a City of Boston Police Officer. He is being sued in his individual capacity and in his capacity as a Police Officer for the city of Boston. On information and belief, Michael O'Hara has a business address of City of Boston Police Department, Area A1, 40 New Sudbury Street, Boston, MA 02114.

6. The Defendants, JOHN DOES 1-5, at all times relevant hereto, were employed as police officers of the City of Boston, Commonwealth of Massachusetts, and are named defendants in their personal and official capacity. The Defendants, JOHN DOES 1-5, were acting under the color of state law and in their official capacities, and at all times material hereto were acting within the course and scope of their employment with, and are servants, agents, and employees of, the Defendant, City of Boston. The true names of the Defendants, JOHN DOES 1-5 are unknown to the Plaintiffs. The Plaintiff will amend this Complaint with true names when they have been ascertained.

**JURISDICTION**

7. The Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 1983. The Court has supplemental jurisdiction of claims arising under state law pursuant to 28 U.S.C. § 1367 because the state and common law claims form part of the same case or controversy and derive from a common nucleus of operative fact.

8. The Court has personal jurisdiction over the Defendants because they reside in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the claims in this case arise out of acts in this District.

## FACTUAL BACKGROUND

10. Elmutaz Osman is a naturalized U.S. citizen from Sudan. He is married and the father of three young children. In addition to his job at Bunker Hill Community College, Mr. Osman worked a second job as an Uber driver to support his family.

11. On the morning of July 18, 2017, Mr. Osman, who lived in Weymouth at the time, drove to his job as an I.T. professional at Bunker Hill Community College. Mr. Osman traveled in the left lane on Lincoln Street, a one-way street with two lanes. The street was congested.

12. As Mr. Osman traveled on Lincoln Street, there was a double-parked vehicle in the right lane. As a result, vehicles in that lane attempted to merge into the left lane.

13. Mr. Osman gave room for one vehicle on the right to merge in front of him. As Mr. Osman started to move ahead, a blue Ford Explorer in the right lane attempted to force its way into the left lane. To avoid a collision, Mr. Osman moved his vehicle to the left side of the left lane.

14. The blue Ford Explorer continued to force its way alongside Mr. Osman and clipped Mr. Osman's passenger-side mirror.

15. Mr. Osman then encountered a double-parked vehicle and was forced to stop. Meanwhile, the blue Ford Explorer proceeded several hundred feet, where traffic stopped due to a traffic light. The Ford Explorer waited for Mr. Osman.

16. When Mr. Osman pulled up, the occupant of the Ford Explorer rolled down his window. Unknown to Mr. Osman, the occupant of the Ford Explorer was William Dwan, a police detective. Detective Dwan never identified himself as a police officer. He was driving his personal vehicle.

17. After seeing that Mr. Osman was black, Detective Dwan became belligerent. He said to Osman: "You stupid?" Mr. Osman replied: "You are the one who is stupid, you hit me." Detective Dwan replied: "You stupid. What you got? Show me what you got." Osman replied sarcastically, "show me what you got?"

18. The light then turned green, Mr. Osman proceeded, turning right at Essex Street and then on Interstate 93 North, heading to work.

19. Detective Dwan pulled in behind Osman and followed him. In retaliation for Mr. Osman calling him stupid for hitting his car, and because he was black, Detective Dwan called Lieutenant O'Hara, the Area A1 supervisor, on his personal cell phone. O'Hara called Officer Gleeson. At the behest of Detective Dwan, Defendants conspired to violate Osman's rights, place him in fear, and cause him emotional distress.

20. Mr. Osman took Exit 28 at Sullivan Square Sommerville, which is his normal exit to get to work. At the bottom of the ramp, he was stopped by a police officer. There were multiple police officers there, including Officer Gleeson. He was ordered to exit his vehicle at gunpoint, thrown to the ground, and handcuffed.

21. On information and belief, the actions taken by the officers at the stop were the result of the directions of Detective Dwan, Lieutenant O'Hara, and Officer Gleeson.

22. Under the Defendants' direction, the officers searched Osman and his car and found nothing. Once the search was completed, Osman was uncuffed and allowed to get to his feet.

23. Detective Dwan, who had followed Mr. Osman to the exit, approached Mr. Osman and asked him what he wanted to show him. Osman replied that, based on the argument on Lincoln Street, it was evident that Detective Dwan was looking for a fight.

24. Mr. Osman then asked him for his information. Detective Dwan refused to provide any information. He still would not identify himself as a police officer. Instead, he told Osman he would get the information in a ticket. When Mr. Osman asked him what for, Detective Dwan did not answer.

25. To justify his actions, Detective Dwan thereafter filed a report falsely stating that Osman was trying to pass on the left illegally and that he believed that Osman was armed with a firearm.

26. Several days later, Mr. Osman received a citation in the mail for negligent operation, lane violations, and improper passing.

27. The Commonwealth prosecuted Mr. Osman. Although the Boston Police had video evidence showing Detective's Dwan's report was materially false, they withheld that evidence and continued to prosecute Mr. Osman at Detective Dwan's insistence.

28. On the day of trial, Detective Dwan produced the exculpatory video. Trial had to be continued so it could be examined.

29. Despite the exculpatory video, Detective Dwan and the Commonwealth continued to pursue the case.

30. Although the case was scheduled for trial, Detective Dwan became "unavailable." The case was continued. After several continuances, the Court ordered that the case be tried and that no more continuances would be granted.

31. Detective Dwan knew that the criminal charges were without merit. He did not appear at trial to testify, resulting in dismissal of the case after nearly two years of prosecution.

32. As a result of Defendants' actions, Mr. Osman lost his job as an Uber driver.

33. It has been widely reported that the Boston Police Department has practice that disproportionally targets people of color and that a vast majority of the Boston Police encounters do not report justification for those encounters.

34. The City of Boston failed to institute adequate training, supervision or discipline to rectify the practice of disproportionally targeting people of color, which has continued.

## COUNT I
## ASSAULT (DEFENDANTS DWAN, GLEESON AND JOHN DOES 1-5)

35. Plaintiff repeats and realleges paragraphs 1-34 as if fully stated herein.

36. At the direction of Detective Dwan, Office Gleeson, and Lieutenant O'Hara, police officers topped Mr. Osman, threatened him at gunpoint, threw him to the ground, handcuffed, and searched him with the intent to inflict harm.

37. Defendants' actions were without privilege to do so.

38. As a direct and proximate result of the Defendants' actions, the Plaintiff was caused to suffer severe emotional distress, pain and suffering, loss of work, and to incur legal fees and other costs.

39. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

## COUNT II
## MALICIOUS PROSECUTION
## (DEFENDANTS DWAN, GLEESON AND O'HARA)

40. Plaintiff repeats and realleges paragraphs 1-39 as if fully stated herein.

41. Defendants commenced a criminal proceeding against Mr. Osman without probable cause and based on Detective Dwan's materially false report.

42. Defendants continued the criminal proceeding against Mr. Osman based on Detective Dwan's materially false report by withholding material and exculpatory evidence.

43. The proceeding was pursued with malice based on Mr. Osman's race and in retaliation for perceived slights to Detective Dwan by Mr. Osman.

## COUNT III
## VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983
## (DEFENDANTS DWAN, GLEESON, O'HARA AND JOHN DOES 1-5)

44. Plaintiff repeats and realleges paragraphs 1-43 as if fully stated herein.

45. By engaging in the conduct described above, Defendants deprived the Plaintiff of clearly established and well settled constitutional rights while acting under color of law. Specifically, their actions deprived the Plaintiff of his rights secured and guaranteed to him by the United States Constitution, including but not limited to, his Fourth Amendment right to be free from unlawful seizure of his person and his Fifth and Fourteenth Amendment rights to due process of law.

46. Furthermore, the wrongful acts were undertaken with gross indifference and reckless disregard of the Plaintiff's constitutional rights, and include the following without limitation:

  A. Detective Dwan was off duty at the time of his encounter with Mr. Osman, and the stop and detention of Mr. Osman was the result of a personal dispute and not the result of any unlawful action by Mr. Osman;

  B. The actions by Detective Dwan and the other Defendants were racially motivated;

  C. Defendants intentionally engaged in actions to intimidate and terrorize Mr. Osman by enlisting the assistance of numerous police officers, stopping Mr. Osman, forcing him from his car at gunpoint, throwing him on the ground and handcuffing him, and searching him and his car when they knew or should have known that there was neither grounds not probable cause for their actions.

  D. Detective Dwan intentionally filed materially false and/or inaccurate pleadings intending to cause Mr. Osman to be prosecuted when he knew or should have known that there were neither grounds nor probable cause for the charges.

  E. Defendants intentionally withheld exculpatory evidence and continued to prosecute Mr. Osman when they knew the charges were false in an effort to induce Mr. Osman to enter a plea to justify their actions;

  F. Even after producing evidence that demonstrated that Detective Dwan's police report was false, Defendants continued to pursue the charges.

47. As a direct and proximate result of the Defendants' actions, the Plaintiff was caused to be stopped, detained, handcuffed, prosecuted, was caused to suffer severe emotional distress, pain and suffering, loss of work, and to incur legal fees and other costs.

48. The above constitutes violations of 42 U.S.C. §1983.

49. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

## COUNT IV
## 42 U. S.C. § 1983 (CITY OF BOSTON)

50. Plaintiff repeats and realleges paragraphs1-49 as if fully stated herein.

51. At all times material to this Complaint, Defendant City of Boston, acting through its Police Commissioner and other supervisory personnel of the City of Boston Police Department, who are the policymakers for said department, maintained policies, procedures,

9

and/or customs of deliberate indifference to the constitutional rights of persons in and around the City of Boston which caused the deprivation of Plaintiff's constitutional rights.

52. The Boston Police Department has a practice of singling out individuals of color for street and other investigations, as recently documented by a recent internal report of the Boston Police Department. Defendant's actions were the result of personal biases, retribution, and racial motivations that have been long-standing in the City.

53. The City of Boston has known about this practice for a substantial amount of time.

54. Such conduct was consistent with inadequate and negligent training and with the policies and customs of the City of Boston Police Department of singling out people of color for street and other investigations, at the time they took these actions, and the city did no put into place adequate training, supervision or discipline to change this practice and custom.

55. By engaging in the above actions, the City of Boston was grossly negligent and deliberately indifferent to its citizens' civil rights, all in violation of 42 U.S.C. § 1983.

56. By engaging in the conduct described above, the City of Boston, by itself and through the other Defendants, deprived the Plaintiff of clearly established and well settled constitutional rights while acting under color of law.

57. As a direct and proximate result of the Defendants' actions, the Plaintiff was caused to be stopped, detained, handcuffed, maliciously prosecuted, was caused to suffer severe emotional distress, pain and suffering, loss of work, and to incur legal fees and other costs.

58. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

## COUNT V
## NEGLIGENCE PURSUANT TO M.G.L. c. 258 § 4 (CITY OF BOSTON)

59. Plaintiff repeats and realleges paragraphs 1-58 as if fully stated herein.

60. Defendants filing false charges against Plaintiff, and the withholding of exculpatory evidence demonstrating that the report submitted by Detective Dwan was materially false, resulted in the prosecution of Osman.

61. The City of Boston, through the actions of its employees Detective Dwan, Officer Gleeson, and Lieutenant O'Hara, failed to act in a reasonable manner, and the actions listed above were negligent resulting in the wrongful prosecution of Mr. Osman.

62. The above constitutes violations of M.G.L. c. 258 § 4.

63. As a direct and proximate result of the Defendants' actions, the Plaintiff was caused to be stopped, detained, handcuffed, prosecuted, was caused to suffer severe emotional distress, pain and suffering, loss of work, and to incur legal fees and other costs.

64. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (DEFENDANTS DWAN, GLEESON, O'HARA AND JOHN DOES 1-5)

65. Plaintiff repeats and realleges paragraphs 1-64 as if fully stated herein.

66. Defendants acted intentionally or with gross recklessness as described above, were extreme and outrageous and beyond all possible bounds of decency.

67. The Defendants knew or should have known that emotional distress would result from their conduct.

68. The intentional or grossly reckless actions described above caused the Plaintiff to suffer severe emotional distress, which no reasonable person should be expected to endure.

69. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

## COUNT VII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (DEFENDANTS DWAN, GLEESON, O'HARA AND JOHN DOES 1-5)

70. Plaintiff repeats and realleges paragraphs 1-69 as if fully stated herein.

71. Defendants' actions described above were negligent.

72. It was reasonably foreseeable that Defendants' conduct would cause the Plaintiff emotional harm.

73. The intentional or grossly reckless actions described above caused the Plaintiff to suffer severe emotional distress, which no reasonable person should be expected to endure.

74. Defendants' actions described above caused the Plaintiff to suffer severe emotional distress.

75. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

## COUNT VIII
### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
### (ALL DEFENDANTS)

76. Plaintiff repeats and realleges paragraphs 1-75 as if fully stated herein.

77. By engaging in the conduct described above, Defendants interfered and deprived Plaintiff of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts, in violation of Massachusetts General Laws Chapter 12 § 11*I*.

78. As a direct and proximate result of the Defendants' violations of M G.L. 12 § 11*I*, Plaintiff suffered the injuries described above.

79. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

### COUNT IX
### CONSPIRACY – MALICIOUS PROSECUTION
### (DEFENDANTS DWAN, GLEESON, O'HARA AND JOHN DOES 1-5)

80. Plaintiff repeats and realleges paragraphs 1-79 as if fully stated herein.

81. Defendants conspired and acted in concert in their efforts to maliciously prosecute the Plaintiff, as outlined above.

82. As a direct and proximate result of the Defendants' conspiracy, Plaintiff suffered the injuries described above.

83. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

### COUNT X
### CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (DEFENDANTS DWAN, GLEESON, O'HARA AND JOHN DOES 1-5)

84. Plaintiff repeats and realleges paragraphs 1-83 as if fully stated herein.

85. Defendants conspired and acted in concert to violate Plaintiff's constitutional rights under color of law, as described above, and in violation of 42 U.S.C. § 1983, §1985 and M.G.L. 12 § 11*I*.

86. As a direct and proximate result of the Defendants' conspiracy, Plaintiff suffered the injuries described above.

87. Plaintiff is entitled to judgment against Defendants in an amount that will fairly and adequately compensate him for all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Elmutaz Osman prays for the following relief:

A. That judgment be entered in his favor on all claims;

B. That the Court award him compensatory and multiple damages, with pre-judgment and post-judgment interest, in the maximum amount allowed by law;

C. That the Court award him attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest; and

D. That the Court him any and all further and other relief to which he may be entitled at law or in equity.

## **JURY DEMAND**

Elmutaz Osman hereby demands a trial by jury on all counts so triable.

                              Respectfully submitted,

                              By his Attorneys,

                              Sommers Law, PLLC

Date:  08/17/2020               By:    /s/ Eric Sommers
                                        Eric M. Sommers (BBO #649611)
                                        116 South River Road, Bldg. D
                                        Bedford, NH 03110
                                        Tel.: (603) 570-4854
                                        Fax.: (603)319-1934
                                        Eric@sommerslaw.com