UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11356-NMG

ELMUTAZ OSMAN,
        Plaintiff,

v.

WILLIAM DWAN, EDWARD GLEESON, MICHAEL O'HARA, THE CITY OF BOSTON, and JOHN DOES 1-5,
        Defendants.

**OBJECTION TO REPORT AND RECOMMNEDATION
ON DEFENDANTS' MOTION TO DISMISS
AND
REQUEST FOR ORAL ARGUMENT**

    Now comes the Defendants, Michael O'Hara ("Lt. O'Hara"), Edward Gleeson ("Mr. Gleeson") and William Dwan ("Lt. Det. Dwan") hereby respectfully object to portions of the Magistrate Judge's (Cabell, U.S.M.J.) Report and Recommendation (the "R&R") on Defendants' Motion to Dismiss. (ECF No. 28.) Specifically, the Defendants object to the R&R as to: (i) Count I as to Lt. Det. Dwan; and (ii) Count III as to all three Defendants.

**Plaintiff's Claim for Assault (Count I)
Must Be Dismissed Against Lt. Det. Dwan.**

    "Civil assault requires that a defendant acted intending to cause a harmful or offensive contact with a plaintiff, or acted to create an imminent apprehension of such a contact, and that a plaintiff was thereby put in such imminent apprehension." Diaz v. Devlin, 229 F. Supp. 3d 101, 111 (D. Mass. 2017) (internal

quotations omitted) (citing Restatement (Second) of Torts § 21 (1) (Am. Law Inst. 1965). While the R&R recommends dismissal of the conspiracy claims, it nonetheless, asserts that Mr. Gleeson "acted 'at the direction' of Detective Dwan when [he] reportedly held [plaintiff] at gunpoint, handcuffed him and threw him to the ground." (R&R at 7.) As a result, the R&R recommends denying dismissal of the common law assault claim against Lt. Det. Dwan. Despite the R&R's generous reading of the SAC, there are no allegations in the Second Amended Complaint ("SAC") that Lt. Det. Dwan instructed Mr. Gleeson to do any such acts. The SAC is bereft of nonconclusory allegations to suggest that Lt. Det. Dwan ordered Plaintiff stopped at gunpoint and, instead, alleges that Dwan "enlisted Edward Gleeson and Michael O'Hara in a conspiracy to assault and intimidate Mr. Osman by pursuing him, stopping him at gunpoint, threatening him, throwing him to the ground, handcuffing him, and searching his vehicle." (SAC at 1.) These allegations are insufficient to support a claim of assault against Lt. Det. Dwan and, accordingly, the Defendants respectfully request that Count I be dismissed as Lt. Det. Dwan.

### Plaintiff's Claim for Violation of § 1983 (Count III) for Unlawful Seizure Must Be Dismissed.[1]

"A seizure for a traffic violation justifies a police investigation of that violation." Rodriguez v. United States, 575 U.S. 348, 354 (2015). "As a general matter, the decision to stop an automobile is reasonable where the police have

---

[1] The R&R notes that the Defendants did not specifically move on Plaintiff's Fourth Amendment seizure claim but the Defendants can file a motion pursuant to Fed. R. Civ. P. 12(c) and respectfully request that the Court address the claim.

2

probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). "A traffic stop constitutes a seizure of 'everyone in the vehicle' for purposes of the Fourth Amendment and thus must be supported by reasonable suspicion that a traffic violation has occurred." United States v. Chaney, 584 F.3d 20, 24 (1st Cir. 2009) (quoting Brendlin v. California, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007)). Paragraph 14 of the Complaint concedes that Plaintiff and Lt. Det. Dwan were involved in an automobile accident. (ECF No. 7) ("The blue Ford Explorer continued to force its way alongside Mr. Osman and clipped Mr. Osman's passenger-side mirror."). Once there is an automobile accident, Lt. Det. Dwan has reasonable suspicion to stop the vehicle. The R&R, instead, refers to the stop as "baseless." (R&R at fn. 4.) The R&R assumes, for its analysis, that the stop was motivated by Plaintiff's race. But Plaintiff's race makes no difference to whether or not a stop violates the Fourth Amendment. See Whren v. United States, 517 U.S. at 813 ("we have been unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers"). Plaintiff's race only factors in an Equal Protection claim and not the Fourth Amendment. Id. ("We of course agree with petitioners that the Constitution prohibits selective enforcement of the law based on considerations such as race. But the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment.").

In addition, as footnote 4 provides, Plaintiff has not alleged any non-conclusory facts to suggest Lt. O'Hara had a role in the stop. Implicit in the R&R, is

3

that Plaintiff has not sufficiently pleaded a violation of the Fourth Amendment against Lt. O'Hara. Accordingly, the Defendants respectfully request that Count III be dismissed in its entirety. Alternatively, the Defendants respectfully request that Count III be dismissed as to Lt. O'Hara.

## Conclusion

For the foregoing reasons, Defendants Michael O'Hara, Edward Gleeson, and William Dwan respectfully request that this Honorable Court sustain their objections and dismiss Count I as to Lt. Det. Dwan and Count III as to all three Defendants.

Date:  August 13, 2021                             Respectfully submitted,

**WILLIAM DWAN, EDWARD GLEESON and MICHAEL O'HARA,**

By their attorneys:

HENRY C. LUTHIN
Corporation Counsel

*/s/ Nieve Anjomi*
Nieve Anjomi (BBO#651212)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4098
nieve.anjomi@boston.gov

### REQUEST FOR ORAL ARGUMENT

The Defendants believe that oral argument may assist the Court and wish to be heard.

*/s/ Nieve Anjomi*
Nieve Anjomi

**Certificate of Service**

  I, Nieve Anjomi, hereby certify that on August 13, 2021, a true copy of the above document will be served upon all parties of record via this court's electronic filing system and to those non-registered participants via first class mail.

          */s/ Nieve Anjomi*
          Nieve Anjomi